15365

ERWIN v. WILLIAMS *ET AL.*

(18 S. E. (2d), 598)

April, 1941.

*Mr. J. M. Nickles,* of Abbeville, for appellant,

*Mr. Ralph J. Syfan,* of Abbeville, for respondents,

February 2, 1942.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BONHAM.

Mrs. Minnie H. Erwin died intestate on or about the 20th day of October, 1937, leaving as her only heirs at law her children: Henry B. Erwin, Lillian E. Williams, Arthur M. Erwin, James T. Erwin, and Eunice E. Holman. Mrs. Eunice E. Holman was duly appointed administratrix of the estate of the decedent, and qualified and entered upon the discharge of the duties of her office.

The action in this case was brought in the Court of Common Pleas for Abbeville County by the service of the summons and complaint on the 19th day of January, 1940. It purports to be for the purpose of selling the real estate of the decedent in aid of assets for the payment of the debts of her estate, for partition of the real estate, and for an accounting and settlement by the administratrix.

The defendants, except Mrs. Lillian E. Williams, answered the complaint, alleging that at a meeting of the heirs at law of Mrs. Minnie H. Erwin, held on October 9, 1938, all of them, including the plaintiff, agreed that Mrs. Eunice E. Holman, the administratrix, should take charge of the real estate of the decedent, collect the rents and profits, and manage the same along with the administration of the estate, which arrangement continued from year to year; that the heirs at law further agreed at said meeting that the administratrix, or one of the heirs, would buy as cheaply as possible the two judgments against the estate for the benefit of all, and have them satisfied of record, and that the one who bought them would be reimbursed for the amount actually paid, by contribution from the others, or out of the assets of the estate; that the administratrix has managed the real estate under this agreement, and has conducted the administration of the estate under the direction of the Probate Court to the satisfaction of all the parties; that the plaintiff bought the two judgments against the estate, paying therefor $150.00, and that in violation of the agreement between the heirs at law, to which he was a party, he undertook to transfer the judgments to himself for his exclusive benefit. The defendants further deny that plaintiff is such a creditor of the estate as gives him the right to maintain this action to sell real estate for the purpose of paying debts, and they allege that he undertook to convey the judgments which he had bought, to himself with intent to make himself a creditor of the estate for the purpose of bringing this action.

It was referred to W. D. Cox, Master for Abbeville County, to take the testimony and report the same to the Court. The case came on to be heard before the Honorable E. C. Dennis, presiding Judge, on the testimony taken by the Master.

In due time Judge Dennis filed his order in the case, in which it is stated: "In order to avoid the expense of further litigation, the attorneys for both sides request that I determine and fix the respective rights of the parties in regard to the two judgments referred to above. * * *"

Judge Dennis held that the plaintiff was not a creditor of the estate, and that he was not entitled to hold the judgments in his own right as a creditor, because, under the law, he being a tenant in common with the other heirs of the estate, he could not purchase the judgments against the estate in his own right, but that the purchase inured to all of the heirs at law of the estate, but that he was entitled to reimbursement for the sum including expenses he had paid for the judgments, which sum he fixed at $300.00, and that the plaintiff did have a right to maintain the action for the purpose of partitioning the real estate. He declined, however, to order the sale of the real estate at that time. He also ordered that the Bank of Abbeville, to whom the plaintiff had assigned and transferred the judgments purchased by him, be made a party to the suit. His order further provided that any of the parties in interest might apply at the foot of the decree for any further orders not inconsistent with his order. From this decree appellant appeals upon four exceptions:

"1. Circuit Judge erred in not ordering a sale of the real estate described in the complaint for the payment of the debts of the estate of the deceased and for the division of the remainder of proceeds of sale among the heirs at law.

"Specification of Error: It clearly appears from the record that the personal property of the estate was insufficient to pay the debts thereof and that it was imperative that the real estate be sold in order to pay the debts and that the plaintiff and defendants might receive their interest therein.

"2. The Circuit Judge erred in not requiring the administratrix to make an accounting.

"Specification of Error: It appears from the record that the defendant, Eunice E. Holman, was appointed and qualified as administratrix on October 26, 1937, and at the time this suit was commenced on January 19, 1940, she had not made a return and no accounting whatsoever to the Probate Court.

"3. The Circuit Judge erred in ruling and holding that the evidence discloses that the appellant was not a creditor of the estate at the time of the commencement of the action so as to permit him to maintain an action as such.

"Specification of Error: The record furnishes unquestionable proof that the plaintiff was a creditor of said estate within the meaning of that term as defined by this Court and that he had such interest in said estate, other than as a tenant in common, as to enable him to maintain a creditor's suit.

"4. The Circuit Judge erred in ruling and holding that the plaintiff's attorney was not entitled to be paid a fee out of the assets of the estate.

"Specification of Error: The record disclosed that the plaintiff was such a creditor as to give him the right to maintain a creditor's suit and that his attorney, therefore, had the right to receive compensation for his services in bringing the action out of the assets of the estate."

The respondents filed additional grounds for sustaining the judgment, as follows:

"1. That plaintiff brought and prosecuted this action for his exclusive benefit in furtherance of his wrongful attempt to recover against the estate the full amount of the judgments transferred to himself in violation of his agreement and contrary to law.

"2. That plaintiff's refusal to accept the amount he paid for the judgments plus his reasonable expense and costs, precludes him of the rights of a creditor to bring a creditor's action and recover attorney's fees.

"3. That the claim of plaintiff for the full amount of the judgments was the real purpose of this action, and he cannot take advantage of his own wrong.

"4. That the entire expense of this action would have been avoided had it not been for the wrongful acts of plaintiff in bringing suit on the said judgments for the full amount."

Appellant's first exception charges error to the Circuit Judge for his failure to order the sale of the real estate of decedent. It is sufficient to say that the Bank of Abbeville, having been ordered to be made a party to the action, it would not have been proper to order the sale of the real estate before the bank had actually been made a party thereto, and had had an opportunity to set up any interest it had in the proceeding. It is sufficient to say that after the bank had been made a party, and it appearing that it had no interest that it cared to set up in the proceeding, since it made no answer to the complaint, Judge Featherstone did, thereafter, order the sale of the real estate, which was duly had. There is, therefore, no merit in this exception.

The second exception charges error for the failure of the Circuit Judge to require the administratrix to make an accounting of her actings and doings. There is no merit in this exception. The estate was in the process of administration by the Probate Court which would, in due time, require of the administratrix an account of her acts and doings as such, which has been done.

The third exception charges error to the Circuit Judge in that he held that the plaintiff was not a creditor of the estate at the time of the commencement of the action so as to permit him to maintain the action. The order of Judge Dennis did not hold that the plaintiff might not maintain an action for the partition of the real estate; he did not order the sale at that time because he had ordered that the Bank of Abbeville be made a party thereto, and until that was done he could not have directed the sale of the real estate in which the bank might have an interest. He recognized that the plaintiff had a right to maintain an action for the partition of the real estate, as an heir at law of the decedent, but that the plaintiff did not have a right of action as a creditor of the estate because of the judgments which he had bought in against the estate and which he endeavored to use as the basis of his action against the estate.

The evidence discloses that he bought the judgments referred to on or about March 30, 1939, but that he had transferred and assigned them to the Bank of Abbeville before the commencement of the action. As a tenant in common, he had no right to buy the judgments without the consent of the others and assert it for his exclusive benefit to the injury and prejudice of his cotenants. So that, at the time he purchased them, he was required to purchase them for the benefit of all, and was only entitled to reimbursement for the amount paid for them. Not being a creditor of the estate, his only right is that of a tenant in common in the real estate.

Reference to the case of *Williams v. Bruton et al.,* 121 S. C., 30, 47, 113 S. E., 319, 325, shows that: "* * * The authorities are practically uniform in affirming the rule that, where cotenants hold by and under the same title, one cotenant cannot without the consent of the others, buy in an outstanding adversary claim or title and assert it for his exclusive benefit to the injury and prejudice of the interest of the cotenants. * * *"

The fourth exception deals with the right of the appellant's attorney to be paid a fee out of the assets of the estate. The Circuit Judge ordered: "That so much of the plaintiff's complaint and the prayer thereof as asks for attorney's fee to be paid to plaintiff's attorney out of the general assets of the estate or the proceeds of the sale of the real estate, is refused, it being my finding that he is not entitled to such fee out of the estate."

We think there is no merit in this exception. Plaintiff had a right, as Judge Dennis held, to bring the action for partition, but that did not entitle him to be paid a fee out of the assets of the estate.

In the case of *Butler v. Butler,* 73 S. C., 402, 53 S. E., 646, in a short opinion by Mr. Justice Woods of this Court, which is so apt and unambiguous that we venture to quote the entire opinion, this Court said:

"The brothers and sisters and the nephews and nieces of Silas Butler brought this action for partition against his widow. Partition in kind having been found impracticable, the land was sold by order of the Court. The Master reported that attorneys for plaintiff should be allowed a fee of $250.00 for their services in the partition suit, to be paid out of the proceeds of sale of land before distribution. Upon exception to this recommendation of the Master, the Circuit Judge held there was no warrant for the allowance of a fee to the attorneys for the plaintiffs out of the common fund. The precise point was decided in *Westmoreland v. Martin*, 24 S. C., 238.

"The judgment of this court is that the judgment of the circuit court be affirmed."

In the case thus referred to, *Westmoreland v. Martin, supra,* this Court held that: "Where a plaintiff, claiming a half interest in land, brought action for partition, and the claim was resisted, but finally adjudicated in plaintiff's favor, and the land divided, each party getting half, the defendant cannot be charged with any part of the fee due to plaintiff's attorney." (Second syllabus.)

All of the exceptions are overruled and the judgment is affirmed.

Messrs. Associate Justices Baker, Fishburne, and Stukes, and Mr. Acting Associate Justice E. H. Henderson concur.